[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION REGARDING PLAINTIFF'S RULE TO SHOW CAUSE CODED #124AND DEFENDANT'S MOTION FOR MODIFICATION OF CHILD SUPPORT CODED #126
Many of the facts that give rise to these motions are not in dispute.
The marriage between the parties was dissolved on January 14, 1998. The judgment provides that the marital settlement agreement/stipulation of judgment dated January 14, 1998 was approved of and made part of the file. There are two minor children issue of the marriage, Daniel William Hauser born September 1, 1988 and Melissa Rose Hauser born December 6, 1990. The settlement agreement provided for joint custody of the minor children with primary physical residence of the children to be with the wife subject to visitation that is spelled out in the agreement for the husband.
The agreement also called for the husband to pay to the wife child support in the amount of $193.63 per week. At the time of dissolution, the plaintiff father had a gross weekly income of $660.00 and net weekly income for child support guideline purposes of $536.00. The defendant mother had gross weekly income of $410.00 and net weekly income for child support guideline purposes of $270.00. The defendant in her motion for modification for support alleges that there has been a substantial change in CT Page 11735 circumstances and/or that the current payment of child support is not in accordance with the child support guidelines. The plaintiffs rule to show cause seeks to prevent the defendant from moving to Maine with two children and seeks to modify custody so that the children would reside with him.
Both parties recognize that Ireland v. Ireland, 246 Conn. 413
(1998) is controlling on the issue of a custodial parent's desire to move the children out of state. Ireland provides in part at pages 424-426 as follows:
 We must recognize the possibility, however, that a custodial parent could be motivated to relocate, not by a desire to build a new and better life for the child and the new family unit as a whole, but rather, for example, by a vindictive desire to interfere in the relationship between the noncustodial parent and the child. Such an improper motive should not serve as the basis for a decision to put a greater distance between a noncustodial parent and a child. Because we recognize that such situations exist, we find useful the relevant provision addressing such concerns that has been set forth by the American Law Institute in its Principles of the Law of Family Dissolution: Analysis and Recommendations (Tentative Draft No. 3, Pt. I March 20, 1998) (Principles of the Law of Family Dissolution). The provision provides that "[a] parent who has been exercising a significant majority of the custodial responsibility for the child should be allowed to relocate with the child so long as the parent shows that the relocation is in good faith for a legitimate purpose and to a location that is reasonable in light of the purpose." Id., § 220(4)(a).[5] In accordance with the provision, a relocation motivated by a legitimate purpose should be considered reasonable "unless its purpose is shown to be substantially achievable without moving, or by moving to a location that is substantially less disruptive of the other parent's relationship to the child." Id.
The standard proposed by the American Law Institute property places the initial burden of proof on the custodial parent, which is the party with the best access to information relevant to the legitimacy of the motives behind the planned relocation. We conclude, therefore, that the custodial parent must bear the burden of proving, by a preponderance of the evidence, that the relocation is for a legitimate purpose and, further, that the proposed location CT Page 11736 is reasonable in light of that purpose.
 Once the custodial parent has made a sufficient showing as required, it must still be demonstrated that the relocation is in the child's best interests. The question remains as to who should bear the burden of proof on this issue. Although some states place a substantial burden on the relocating custodial parent to demonstrate the benefits that the relocation would offer the child, others apply presumptions favoring relocation. According to the American Law Institute, "[t]he clear trend has been that of increasing leniency toward the parent with whom the child has been primarily living." Principles of the Law of Family Dissolution, supra, § 220(4)(a), comment d.
 After a careful consideration of the issue, we conclude that thee [the] noncustodial parent opposing the proposed relocation should be required to prove that the relocation is not in the child's best interests
In this case the reason for the proposed move to Maine is for the defendant to start a new life in Maine with her fiance who she is engaged to marry.
At the present time, the Principles of the Law of Family Dissolution does not define a "spouse equivalent." While the tentative draft says one of the legitimate purposes to relocate is to be with one's spouse, it does not include as a legitimate reason to be with a fiance. The court therefore finds that the defendant has failed to prove that the proposed move is for a legitimate purpose. The court further finds that the proposed location is not reasonable in light of the proposed purpose of remarriage. The fiance can just as easily move to Connecticut.
The court further finds that the plaintiff has met the burden of proving that the relocation is not in the children's best interest.
For all of these reasons, the request to move to Maine with the children is denied. The defendant has taken the position that she will not move to Maine if the children are not allowed to move with her. The court finds that it is in the best interest of the children that they continue to be in the custody of the defendant and, therefore, denies the plaintiffs motion to modify custody. CT Page 11737
At the conclusion of the trial the parties submitted to the court a number of child support guidelines worksheets. One of the worksheets shows a recommended child support order of $189.00 per week. Another shows a recommended child support guideline order of $186.00 per week. The third shows a recommended child support guideline order of $184.00 per week. All of the child support guideline worksheet submitted show that the present order of $193.63 per week is substantially in accordance with the guidelines. Therefore, the request to modify based on the claim that the existing orders are not in accordance with the guidelines are denied. Further, the motion to modify based on the claim of a substantial change in circumstances is denied as there has not been proven a substantial change in circumstances.
 ORDER
1. The plaintiffs Rule to Show Cause coded #124 is denied.
2. The defendant's Motion for Modification of Child Support coded #126 is denied.
3. The parties are to exchange copies of their Federal and State Income Tax Returns within 30 days after such returns have been filed for so long as there is an outstanding support order or any arrearage thereto.
4. The defendant's request to relocate the children to Maine is denied.
5. The court orders that Plaintiffs Exhibit 17 be sealed and that the public not have access to it unless ordered by the court.
Axelrod, J.
[5] The tentative draft of the Principles of Law of FamilyDissolution also provides as examples of legitimate purposes torelocate: "[T]o be close to significant family or other supportnetworks, for significant health reasons, to protect the safety of the child or another member of the child's household from significant risk of harm, to pursue a significant employment or educational opportunity, or to be with one's spouse [or spouseequivalent, if such is defined in Chapter 6] who is established, or who is pursuing significant employment or educational CT Page 11738 opportunity, in another location." Principles of Law of Family Dissolution, supra § 2.20(4)(a). That section also provides that the burden of proving the legitimacy of any other purpose falls on the relocating parent. Id. Because such examples may provide instructive to our courts, we endorse them for use in relocation cases. We emphasize, however, that this list is not exclusive and that any reason or reasons considered by the trial court must be given the appropriate weight, in light of all the evidence in the case. (Emphasis provided).